**UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF VIRGINIA**
**Newport News Division**

UNITED STATES OF AMERICA

v.                                                          NO. 4:06cr20

EBONI NICOLE WILLIAMS,

     Defendant.

### ORDER

In accordance with the Bail Reform Act, 18 U.S.C. § 3142(f), the Court held a hearing on March 8, 2007, on the United States Government's Motion to Detain Defendant.  For the reasons set forth below, the Court FINDS that Defendant's detention pending trial is warranted.

The Court, having taken into consideration the proffers of counsel, the Pretrial Services Report dated March 7, 2007, the Grand Jury Indictment of February 15, 2006, FINDS by a preponderance of the evidence that Defendant represents a risk of flight.  The Court further FINDS that there is no condition or combination of conditions that will reasonably assure the return of Defendant for further proceedings.

The Court considered the nature and seriousness of the charges faced by Defendant.  The Grand Jury has indicted Defendant on serious felony charges which could result in Defendant's incarceration, if convicted on evidence beyond a reasonable doubt at trial, for a significant period of time.  One of the charges,

possessing and uttering counterfeited securities, carries a maximum sentence of ten (10) years.

The Court FINDS that the weight of the evidence against Defendant is strong. Defendant stands accused of using a personal computer and check writing software to manufacture counterfeit checks which were then passed by Defendant and her co-conspirators. Losses on account of the counterfeit checks total in excess of $34,000.00. According to the Government, Defendant's co-conspirators are prepared to testify against her and to say that she led the conspiracy. Because the weight of the evidence against Defendant is strong, the penalties faced by Defendant provide her with an incentive to flee if released.

The Government also proffers that Defendant knew that she was under investigation and chose to remain in North Carolina to avoid her arrest on these charges. The Court observes that the warrant for arrest of Defendant was issued in February, 2006, and that she was ultimately arrested in North Carolina in late February, 2007. According to the Government, Defendant had in her possession, when arrested in North Carolina, a personal computer, check writing software, and counterfeit checks. Further, Defendant's criminal history includes numerous charges for offenses similar to the instant charges.

Additional facts relating to Defendant's personal history and characteristics indicate that she is unemployed and has been receiving Social Security Disability benefits since 2002 for mental

health conditions.  Defendant also reports that she has no assets or liabilities.

In view of the facts set forth above, the Court FINDS by a preponderance of the evidence that Defendant represents a risk of flight.  The Court further FINDS that no condition or combination of conditions will reasonably assure the return of Defendant for further proceedings.

Accordingly, the Court FINDS that the defendant should be detained pending trial.  The Court therefore ORDERS the defendant DETAINED pending trial.  See 18 U.S.C. § 3142(e) and (f); United States v. Gebro, 948 F.2d 1118, 1121 (9th Cir. 1991); United States v. Araneda, 899 F.2d 368, 370 (5th Cir. 1990); United States v. Jackson, 823 F.2d 4, 5 (2d Cir. 1987); United States v. Medina, 775 F.2d 1398, 1402 (11th Cir. 1985).

Consequently, the Court further ORDERS the defendant be committed to the custody of the Attorney General or his designated representative for confinement in a corrections facility separate, to the extent practicable, from persons awaiting or serving sentences or being held in custody pending appeal.  The defendant shall be afforded a reasonable opportunity for private consultation with defense counsel.  On order of a court of the United States or on request of an attorney for the Government, the person in charge of the corrections facility shall deliver the defendant to the United States Marshal for an appearance in connection with a court proceeding.

The Clerk shall mail or deliver a copy of this order to (i) the United States Attorney at Norfolk, (ii) the United States Marshal at Norfolk, (iii) the United States Pretrial Services Office at Norfolk, and (iv) counsel of record for the defendant.

Entered on March 13, 2007

                                                    /s/
                                      F. Bradford Stillman
                                      United States Magistrate Judge